UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-22-01 ML |
| | ) | |
| ALBERTO SAMA-GRACIANO | ) | |

DEFENDANT'S RESPONSE TO PRESENTENCE INVESTIGATION

There are no substantive objections to the presentence report.

1. Paragraphs 65 and 66 - In these paragraphs, the report identifies a pending state court charge as a possible basis for an upward departure. The defense notes that there is only one pending criminal information against the defendant and submits that one pending charge should not warrant an upward departure on the ground that the criminal history category is inadequate. See, e.g., United States v. Brown, 899 F.2d 94, 98 (lst Cir. 1990), in which the under-representation included both uncounted convictions and "a myriad of pending charges" including seven state offenses. The standard under U.S.S.G. §4A1.3(a) to justify an upward departure is that there be a "substantial" under-representation and the defense submits that one pending case should not generally satisfy this criterion, though clearly there is no talismanic formula which defines the term substantial.

In a recent case, the Court of Appeals for the First Circuit was confronted with the question of whether a pending indictment for murder could be the basis for an upward departure on the ground that the defendant's criminal history was underrepresented. The Court said:

> It is a more difficult question whether the defendant's commission of this robbery while under indictment is a

> valid basis for finding that his criminal history category, or even the next higher criminal history category, "substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3.

United States v. Wallace, 2006 U.S. App. LEXIS 20727 (1st Cir. 2006). The case was remanded for resentencing based on a number of factors, including the failure to adequately explain the upward departure based on the defendant's criminal history.

For the reasons set forth above, the defense submits that the defendant's criminal history should not be the basis for an upward departure.

2. The defense intends to file a motion seeking a sentence outside the guideline range.

Alberto Sama-Graciano
By his Attorney,

/s/ Robert B. Mann__

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 4th day of October, 2006, I did send a true copy of the within document by electronic means (ECF) to:

Stephanie Browne, Esq. AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

I hereby certify that on this 4th day of October, 2006, I did send a true copy of the within document by other means by causing the same to be delivered to the office of Maureen Bradley, Office of the United States Probation Officer.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net