UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-22-01 ML |
| | ) | |
| ALBERTO SAMA-GRACIANO | ) | |

MOTION FOR A DOWNWARD DEPARTURE AND
A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

Now comes the defendant and moves for a downward departure and a sentence outside of the applicable guideline range. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not believe that this post-plea motion is governed by 18 U.S.C. §3161(h).

Alberto Sama-Graciano
By his Attorney,

/s/ Robert B. Mann__

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 19th day of October, 2006, I did send a true copy of the within document by electronic means (ECF) to:

Stephanie Browne, Esq. AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

I hereby certify that on this 19th day of October, 2006, I did send a true copy of the within document by other means by causing the same to be delivered to the office of Maureen Bradley, Office of the United States Probation Officer.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-22-01 ML |
| | ) | |
| ALBERTO SAMA-GRACIANO | ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A DOWNWARD DEPARTURE AND A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

This memorandum is presented in support of the defendant's arguments as to sentencing in this matter.

The defense has moved for a sentence outside of the guideline range, which is 37 to 46 months. There is no dispute with the calculation of the guideline range. The Court of Appeals has established a template for post Booker sentencing. United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc). One starts with the calculation of the guideline range. In this case the guideline range calls for a sentence of 37 to 46 months. Ultimately, however, this Court must impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. §3553(a). In a concurring opinion in United States v. Jimenez-Beltre, supra, Judge Torruella referred to this provision as a "central principle." Id. at 521. In this case, the defendant moves for a downward departure under the guidelines and for a sentence outside of the guideline range, based on the factors identified in 18 U.S.C. §3553(a).

The defense notes that in this case there is a mandatory minimum sentence statutory sentence of 60 months for each of the two counts, but the defendant submits that he qualifies for the safety valve and accordingly should be sentenced consistent with the

same. The defense further notes that paragraph 17 of the presentence report includes a reduction of 2 points in the offense level based on the safety valve factor. See U.S.S.G. §2D1.1(b)(7).

## I. SALIENT FACTS WARRANTING A DOWNWARE DEPARTURE AND A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

The defendant in this case is a 39 year old man with significant medical problems, documented in the presentence report. As the presentence report notes, the defendant and his wife have been together since they were 16 years old. Paragraph 33 of the Presentence Report. He has two daughters. The close, positive, loving relationship between the defendant and his daughters is documented in Paragraph 34 of the Presentence Report. The defendant in this case has been a truly great father. He and his daughters are pained by his incarceration and the knowledge that he will be deported after completion of his prison sentence, condemning this family to a lifetime of separation unless the children leave the United States. In further support of the defendant's arguments the defense is requesting permission to play a PowerPoint presentation of less than ten minutes duration at sentencing. A copy of the presentation is being provided to the Court and government on this date. The presentation provides pictures of the defendant's family with a narration by his daughter.

The defendant's immigration status is significant. An immigration detainer has been lodged against him and he is subject to deportation based on this case. Paragraph 46 of the Presentence Report.

## II. THE LEGAL ANALYSIS

The first question this case presents is whether or not and when a defendant's immigration status is a basis for a sentence outside of the guideline range. This matter was considered in United States v. Pacheco-Soto, 386 F. Supp. 2d 1198 (D. N. M. 2005). The Court granted a downward departure because of a defendant's immigration status. The Court said:

> Here, it is solely because of Defendant's status as a deportable alien that he faces a unwarranted increase in the severity of his sentence. He likely will not eligible for any early release, he will not be able to serve his sentence in a minimum security prison, and he may not qualify for reduced credits for participation in a residential drug or alcohol abuse program. These consequences are severe and unfair. In considering this issue, the Court distinguishes Defendant's case from that of other defendants who are sentenced for an offense, such as illegal reentry, that by its nature is committed only by deportable aliens.

United States v. Pacheco-Soto, 386 F. Supp. 2d 1198, 1205 (D.N.M. 2005).

Significantly, United States v. Pacheco-Soto was a drug case. The Court said:

> Here, Defendant pleaded guilty to a drug offense, thus his alien status is irrelevant to the crime. See Farouil, 124 F.3d at 847 (where defendant was charged with importing heroin into the United States, finding "we have no reason to believe that the Guidelines have accounted for a defendant's status as a deportable alien in setting the level for that offense."). The Court, then, will not assume that the Sentencing Commission already took into account his deportable alien status and its severe collateral consequences when formulating the Guideline relevant to his case. For all of these reasons, Defendant's case is outside the heartland and a small departure is warranted.

United States v. Pacheco-Soto, 386 F. Supp. at 1206.

In this case, as a result of the defendant's alien status he has suffered and will continue to suffer significant adverse consequence, just as was the situation in United States v. Pacheco-Soto. See also United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994).

This case does not present the scenario considered in United States v. Vasquez, 279 F.3d 77 (lst Cir. 2002). In that case, the Court of Appeals held that the collateral consequences suffered by a defendant as a result of the defendant's alien status did not constitute a permissible ground for a downward departure under U.S.S.G. §5K2.0, with regard to an illegal reentry case in which sentence is imposed pursuant to 8 U.S.C. § 1326(a) and U.S.S.G. § 2L1.2. This case is not an illegal reentry case and the decision in United States v. Vasquez specifically limited itself to reentry cases. Id. at 80-81. United States v. Pacheco-Soto, supra, also specifically noted that a prosecution under 8 U.S.C. §1326 by definition considered defendant's immigration status. Id. at 1205-1206. The crime with which this defendant is charged could be committed by a citizen, a legally admitted alien, or an illegal alien. There is nothing in the guidelines or the statute which are the basis of these charges which suggests they take into account the defendant's immigration status.

In a pre Booker case, the Court of Appeals for the First Circuit said:

> In short, a deportable alien who commits a crime is still within the "heartland" of the guidelines, absent something more. See United States v. Garay, 235 F.3d 230, 233-34 (5th Cir. 2000); United States v. Farouil, 124 F.3d 838, 847 (7th Cir. 1997). HN4 If deportability, expense, or some combination of the two justifies a departure, it would have to be based on case-specific findings that made the case unusual.

United States v. Maldonado, 242 F.3d 1, 5 (1st Cir. 2001). In this case, there are specific

facts that make the case unusual. The defendant is charged with a drug crime. His immigration status has the very likely effect of lengthening the time the defendant will actually spend incarcerated, because of his ineligibility for a drug program and because at the end of his sentence he will not be able to go to a halfway house and then spend a portion of the end of his sentence in a home confinement situation. It will also likely affect the level of the institution at which the defendant may be placed.

The defense submits that all of the above support the claim for a downward departure under the sentencing guidelines. In addition, the defense submits that a consideration of 18 U.S.C. §3553(a) provides an independent reason for a sentence outside of the guideline range.

One first looks at 18 U.S.C. §3553(a)(1), which states the Court shall consider, "the nature and circumstances of the offense and the history and characteristics of the defendant;". In considering the factors set forth in 18 U.S.C. §3553(a)(2), there is additional support for a sentence outside of the guideline range. To the extent that the sentence must "promote respect for the law" and provide "adequate deterrence to criminal conduct", the defense submits that the imposition of a prison sentence to be followed by deportation sends a message that resonates and the imposition of additional prison time is not required. In this case the defendant is going to be deported. He is a devoted father with a very close relationship with his wife and two daughters. The sentence in this case is forcing an unavoidable family separation. No greater penalty could be imposed than the forced separation of the defendant from his family, not only while he is incarcerated but after he is released and deported. He will not be able to live in this country where his children are growing up. It is not realistic to expect that these

children will now leave the United States to live in a country that for them is a foreign nation, so that they can live with their father. The message sent by the sentence in this case is clear. The defendant will never again be able to live with his family in the United States. His older daughter is now a freshman at the University of Rhode Island. He will not be able to attend her graduation. When his younger daughter graduates from schools, he will miss those events. The punishment goes on and on. No further incarceration is needed.

The public will be protected from further crimes of the defendant. The defendant will be deported. Finally, in considering the kinds of sentences available (18 U.S.C. §3553(a)(3), the fact that the defendant will not be able to serve part of his sentence at a halfway house or in home confinement, even toward the end of the sentence, is another factor this Court may consider.

## III. <u>THE MEDICAL ISSUE</u>

The presentence report documents the defendant's particular need for medical treatment, including surgery. See Paragraph 37 of the Presentence Report. The defense asks that this Court recommend the Bureau of Prisons designate the defendant to an appropriate facility so that the necessary surgery may be performed. The defense attaches hereto a copy of a memorandum dated August 21, 2006, from the Administrative Office of the United States Courts concerning the Bureau of Prisons Medical Care Level Classification System.

## IV. <u>CONCLUSION</u>

For all of the reasons set forth above, the defense asks for a downward departure and a sentence outside of the guideline range pursuant to 18 U.S.C. §3553(a).

Alberto Sama-Graciano
By his Attorney,

/s/ Robert B. Mann__
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 19th day of October, 2006, I did send a true copy of the within document by electronic means (ECF) to:

Stephanie Browne, Esq. AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

I hereby certify that on this 19th day of October, 2006, I did send a true copy of the within document by other means by causing the same to be delivered to the office of Maureen Bradley, Office of the United States Probation Officer.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net